UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re                                                 No. C-14-1482 EMC (pr)

MICHAEL FLORES,

                Plaintiff.                          **ORDER**

_____/

         This *pro se* civil action was opened on March 31, 2014, when the Court received from Plaintiff a letter concerning his medical care in prison. On that date, the Court notified Plaintiff in writing that the action was deficient due to (1) his failure to pay the filing fee or furnish a completed and signed court-approved *in forma pauperis* application and (2) his failure to file a civil complaint or habeas petition. *See* Docket # 2, # 3. Plaintiff was advised that failure to pay the fee or file the application materials within 28 days would result in dismissal of the action, and that failure to file a civil complaint or habeas petition within 28 days would result in dismissal of the action. Plaintiff did not pay the filing fee or file a completed *in forma pauperis* application, and did not file a civil complaint or habeas petition. Instead, he sent to the Court a letter in which he made several observations and asked several questions. Plaintiff wrote that he did not intend to file a civil action and hoped not to have to pay the filing fee, but that if pursuing an action was the way to get medical help, he wanted to use the Court to do so. He also asked for appointment of counsel. *See* Docket # 5. The following discussion **GRANTS** the requested deadline extensions and **DENIES** the request for appointment of counsel.

         If Plaintiff wants to pursue a claim about his medical care, he must file a civil rights complaint in which he describes the facts of his claim(s) and identifies defendants for his claim(s). The Court cannot grant or deny relief based merely on a letter from a plaintiff. The Court also will

not *predict* whether a complaint will be successful or whether any failure to exhaust administrative remedies will be excused – a plaintiff has to file a complaint and then the Court will adjudicate the issues presented by the complaint. Plaintiff must file a civil rights complaint no later than **September 19, 2014**. Failure to file the complaint by that deadline will result in the dismissal of this action.

A filing fee is owed in every action filed, regardless of whether the action is meritless or meritorious. Plaintiff owes a filing fee for this action, regardless of whether he ever obtains any relief on his medical care claim. The filing fee is $350.00 plus an additional $50.00 administrative fee. If Plaintiff applies to proceed *in forma pauperis* and his application is granted, he still will owe the $350.00 filing fee (but not the additional $50.00 administrative fee). When a prisoner is allowed to proceed *in forma pauperis* application, he is put on a payment schedule and the filing fee is deducted over time from his inmate from his inmate trust account when that account has money in it. *See* 28 U.S.C. § 1915(b) (describing payment schedule). Plaintiff must pay the full $400.00 fee or file a completed and signed *in forma pauperis* application no later than **September 19, 2014**. Failure to pay the fee or file a completed *in forma pauperis* application by that deadline will result in the dismissal of this action.

Plaintiff asked that counsel be appointed to represent him in this action. One of the criteria the Court applies in determining whether to appoint counsel is the likelihood of success on the merits. The Court cannot determine whether there is a likelihood of success on the merits until it sees the complaint. The Court therefore generally will not consider whether to appoint counsel until after the Plaintiff has filed a complaint that the Court determines should be served on one or more defendants. Also, the Court generally will not appoint counsel in an action that will be transferred to another district – a transfer appears likely here based on Plaintiff's statements that the allegedly inadequate medical care occurred at Centinela State Prison – but the venue issue cannot be determined until the complaint is filed. The request for appointment of counsel is **DENIED** without prejudice.

The Clerk will sent to Plaintiff another *in forma pauperis* application and another civil rights complaint form for his convenience.

IT IS SO ORDERED.

Dated: September 2, 2014

_____
EDWARD M. CHEN
United States District Judge

3